■ ROBERT L. MAHER et al., Appellants, v. THOMAS M. DE PAOLI, INC., Respondent, et al., Defendant.— In an action to recover damages for fraud and breach of a contract for` construction of a dwelling house, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County, dated December 14, 1970, as, upon renewal and reargument of their original motion inter alia for a further bill of particulars, adhered to the original decision denying said original motion. Order reversed insofar as appealed from, with $10 costs and disbursements, and plaintiffs' motion for a further bill of particulars seeking information specified in items 3, 4, 5 and 7 of their demand for a bill of particulars, dated July 6, 1967, granted. Service of said further bill of particulars shall be made within 10 days after service of a copy of the order to be made hereon, with notice of entry. In our opinion plaintiffs are entitled to the items sought in their motion for a further bill of particulars. The original bill of particulars was deficient as to the specified items. Consequently, under the circumstances of this case, the denial of the motion was an improvident exercise of discretion. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY BROWN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 11, 1969, convicting him of conspiracy in the second degree and two counts of possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts and in the interests of justice, and indictment dismissed. In our opinion, the evidence against defendant was insufficient to establish his guilt of conspiracy to commit robbery beyond a reasonable doubt (see People v. Chaplin, 8 A D 2d 286). While the circumstantial proof no doubt raised a reasonable suspicion as to his guilt, it was not inconsistent with his innocence. Furthermore, we find that the trial court erred in charging the jury that defendant was presumed to have had possession of a bread knife and a starter's pistol which were found in the automobile in which he was an occupant (Penal Law, § 265.15, subd. 3). Defendant's actual possession of the bread knife and starter's pistol was not proved and they are not within the category of weapons to which the statutory presumption applies. Munder, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.