■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Also Known as JIMMY JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 27, 1974, convicting him of reckless endangerment in the first degree, grand larceny in the third degree, menacing, possession of weapons, etc., as a misdemeanor (two counts), criminal possession of stolen property in the third degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of the two counts of possession of weapons, etc., as a misdemeanor, and the sentences imposed thereon, and, as a matter of discretion in the interest of justice, the said counts are dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. As respondent concedes, the trial court's charge to the jury on the presumption of possession by all persons occupying a stolen vehicle of any weapon found therein (Penal Law, § 265.15, subd 2), may have been misleading because it failed to include instructions that the presumption was rebuttable. Defense counsel had asked the trial court to explain the meaning of "presumptive evidence". Accordingly, the convictions and sentences for possession of weapons, etc., as a misdemeanor, are reversed, and the said counts are dismissed. We have carefully reviewed the other points raised on this appeal by defendant and find them to be without merit. Martuscello, Acting P. J., Rabin, Shapiro, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN MAZER, Appellant.—Judgment of the Supreme Court, Queens County, rendered November 13, 1975, and order of the same court, dated May 28, 1975, which denied the branches of defendant's motion which sought to controvert a search warrant and to suppress evidence, affirmed. No opinion. Latham, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES O'NEAL, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 5, 1975, convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, and indictment dismissed. At the close of the prosecution's case, the trial court dismissed the counts of the indictment against defendant O'Neal which charged him with multiple counts of kidnapping in the second degree and of unlawful imprisonment in the first degree, and one count of endangering the welfare of an incompetent, leaving only the charge of conspiracy in the second degree. The testimony adduced does not establish defendant's guilt of the crime beyond a reasonable doubt. The trial court correctly charged the jury that, in order to convict for conspiracy in the second degree, there must be proof beyond a reasonable doubt of intent that conduct constituting a Class B or Class C felony be performed (here kidnapping in the second degree) and that the defendant agreed with one or more persons to engage in or to cause the performance of such conduct (see Penal Law, § 105.10). The circumstantial proof respecting defendant's conduct was as equally consistent with innocence as with guilt, and in no event excluded his innocence to a moral certainty (see *People v Brown,* 37 AD2d 623; accord, *People v Mackell,* 47 AD2d 209, 213). Martuscello, Acting P. J., Rabin, Shapiro, Titone and Hawkins, JJ., concur.