■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BALDWIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 27, 1974, convicting him of reckless endangerment in the first degree, grand larceny in the third degree, menacing, possession of weapons, etc., as a misdemeanor (two counts), criminal possession of stolen property in the third degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of the two counts of possession of weapons, etc., as a misdemeanor, and the sentences imposed thereon, and, as a matter of discretion in the interest of justice, the said counts are dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. As we stated on the determination of the appeal of appellant's codefendant *(People v Jackson,* 52 AD2d 630), "the trial court's charge to the jury on the presumption of possession by all persons occupying a stolen vehicle of any weapon found therein (Penal Law, § 265.15, subd 2), may have been misleading because it failed to include instructions that the presumption was rebuttable. Defense counsel had asked the trial court to explain the meaning of 'presumptive evidence'. Accordingly, the convictions and sentences for possession of weapons, etc., as a misdemeanor, are reversed, and the said counts are dismissed." We have examined the other contentions raised by appellant on this appeal and find them to be without merit. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BUCKSBAUM, Also Known as BENJAMIN CARROLL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 14, 1975, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. While we are cognizant of the District Attorney's conclusion, in his brief, that there should be a reversal in this case because the Trial Justice did not sufficiently marshal the evidence in his charge to the jury, we do not agree with that conclusion. A reading of the charge as a whole discloses that it was fair to both sides. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMORE CUNNINGHAM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 7, 1973, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by deleting therefrom the conviction for grand larceny in the third degree and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Where a verdict is comprised of inclusory counts, a verdict of guilty on the highest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]). Under the facts of this case, defendant could not have committed robbery in the first degree without concomitantly committing grand larceny in the third degree. Accordingly, the conviction of grand larceny in the third degree must be dismissed (see *People v Grier,* 37 NY2d 847; *People v Johnson,* 39 NY2d 364). The other points raised by defendant on this appeal have, on consideration, been found to be without merit. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.