■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CARNEGIE, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County, rendered October 21, 1977, upon resentence, convicting him of attempted murder in the second degree, kidnapping in the second degree, assault in the first and third degrees, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) (by permission) an order of the same court, dated August 23, 1979, which denied his motion to vacate the judgment. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Appeal from the order dismissed as academic in light of the determination on the appeal from the judgment. The defendant contends that Criminal Term erroneously charged the jury with respect to attempted murder in the second degree. The jury was correctly charged with respect to the elements of intentional murder. However, coupled with these instructions were descriptions of the elements of felony murder and depraved-mind murder (Penal Law, § 125.25, subds 2, 3), neither of which was germane to the indictment. Thereafter, during its deliberations, the jury requested the definition of attempted murder in the second degree, and the definition of acting in consort. The court then charged the jury as to mental culpability in terms of an intentional act, a reckless act, and a criminally negligent act, finally stating: "Now, as I said, acting in consort means—Just repeating myself again—'When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when acting with the mental culpability required for the commission thereof he solicits, requests, commands, importunes or intentionally aids such person to engage in such conduct.' And I described mental culpability meaning either intentionally doing something, knowingly doing something, recklessly doing something or doing something with criminal negligence. Now, the last two, recklessly or criminal negligence, just consider that whatever a reasonable person would be expected to do, if there's a deviation from that, then it's done recklessly or with criminal negligence. That's attempted murder in the second degree." This charge was erroneous in its application to the indictment. Although the defendant's counsel did not object, we think that in the context of this case, the interest of justice requires that the judgment be reversed and a new trial ordered. The elements of recklessness and criminal negligence should not have been injected into the case, especially in the instructions given as the result of a request from the jury—which were the last words heard by the jury from the court before the jury reached its verdict. The erroneous charge fundamentally altered the elements of the crimes for which the defendant was being tried, and in the interest of justice, the judgment should be reversed and a new trial ordered. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.