■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FEIRMAN, Appellant.—Judgment of the Supreme Court, Kings County, rendered June 19, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FOOTE, Appellant.—Judgment of the Supreme Court, Kings County, rendered September 28, 1976, affirmed (see *People v Crimmins,* 36 NY2d 230). Mollen, P. J., Hopkins, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEFERINO GIL, Appellant.—Appeals by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed November 28, 1978, and a resentence of the same court, imposed April 25, 1980. Sentence and resentence affirmed. No opinion. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HILL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 6, 1979, convicting him of robbery in the third degree (four counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Case remitted to Criminal Term to hear and report on defendant's motion that he was deprived of his right to a speedy trial and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. With respect to defendant's motion to dismiss on the ground that he was denied his right to a speedy trial, the record before this court concerning all pretrial appearances in the case consists primarily of the calendar notations apparently made by a court officer and is insufficient to determine the merits of defendant's motion (cf. *People v Berkowitz,* 50 NY2d 333). Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.