■ The People of the State of New York, Respondent, v Robert Hill, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Aronin, J.), rendered April 6, 1979, convicting him of robbery in the third degree (four counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. By order dated December 15, 1980, this case was remitted to the Supreme Court, Kings County, to hear and report on defendant's motion that he was deprived of his right to a speedy trial. The appeal was held in abeyance in the interim *(People v Hill,* 79 AD2d 661). The court (Hayes, J.), has complied. Judgment modified, on the law, by reversing the conviction of criminal possession of stolen property in the third degree and vacating the sentence imposed thereon and, as a matter of discretion in the interest of justice, the said count is dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. We agree with Criminal Term that the defendant was not deprived of his right to a speedy trial by the delay in trying this action. However, the court's charge on the count charging the defendant with criminal possession of stolen property in the third degree was confusing. Although it appears that the court initially

properly charged the jury with respect to the elements of this crime, the court misstated the nature of the statutory presumption contained in section 165.55 of the Penal Law. This error was compounded when, after the jury commenced deliberations, they sought clarification of the elements of this crime and the court again misconstrued the nature of the statutory presumption. Accordingly, the conviction for criminal possession of stolen property is reversed, the sentence thereon is vacated and the count is dismissed. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.