■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. ORNSTEIN, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 20, 1981, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the first degree and criminal possession of stolen property in the second degree. Defendant was in the business of buying and selling silver and other antiques. He was indicted for the crimes of criminal possession of stolen property in both the first and second degrees. Specifically, he was charged with knowingly possessing silver flatware which he bought at his store from one Pulliam who stole it from a residence. After a trial he was found guilty on both counts. This appeal ensued and defendant raises several issues urging reversal. The critical issue raised on this appeal is the trial court's failure to explain to the jury that the presumption created by subdivision 2 of section 165.55 of the Penal Law is rebuttable. The court charged the jury, in substance, that a person in the business of buying, selling, or otherwise dealing in property, who possesses stolen property, is presumed to know that such property was stolen if he obtained it without having ascertained by reasonable inquiry that the person from whom he obtained it had a legal right to possess it. The court refused defendant's request to charge that the presumption is rebuttable and that the jury is to consider the proof presented at trial by defendant. Rather, he merely stated that the presumption did not shift the People's burden of proof to defendant. The record establishes that defendant took the stand and testified that he required Pulliam to produce identification; that he examined Pulliam's identification card and verified Pulliam's identity by cross-checking the picture on the card; that he had his associate verify Pulliam's name and address from the telephone directory; and that he asked Pulliam where he obtained the silver and he replied that it was his mother's and had to be sold. Defendant also testified that one of his partners inspected the "hot sheets" supplied by the Albany Police Department and they were negative. The issue of knowledge on the part of defendant was most vital in determining his guilt or innocence. It is well established that where rebuttal evidence presents an issue of credibility, it is for the jury to determine whether the presumption has been destroyed (Richardson, Evidence [10th ed], § 58, p 36). The court refused to charge the jury that the presumption was rebuttable. Where the court specifically charges the statutory presumption and refuses to charge that it is rebuttable, the error is not remedied by a general charge on the People's burden of proof. This is particularly so in the instant case where defendant denied knowledge that the

property was stolen and offered proof on that issue. Furthermore, the record also demonstrates that the jury requested a copy of the statute setting forth the presumption. The court read the statute providing for the presumption but failed to inform the jury as again requested by defendant that it was rebuttable and this time did not repeat the fact that the presumption did not change the burden of proof. Considering the record in its entirety, we are of the opinion that the charge was incomplete and misleading on this issue and such error is fatal mandating a reversal and a new trial (see *People v Simmons*, 32 NY2d 250; *People v Hill*, 84 AD2d 752). Since there is to be a new trial, we need not now pass upon defendant's remaining arguments. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.