■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE McINTOSH, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 22, 1981, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree. On October 28, 1980, at approximately 10:00 P.M., Officer Coale of the Albany Police Department spotted a yellow taxicab, previously reported as stolen, traveling westbound on Interstate Route 90 in the City of Albany. Officer Coale contacted his dispatcher and stopped the cab. When he exited the police vehicle, defendant, who was driving the cab, sped off. A chase ensued until defendant left the highway, proceeded down a motorcycle path, abandoned the cab at an embankment and tried to escape on foot. Officer Coale, assisted by additional officers, located defendant lying face down in a nearby field. Defendant was subsequently indicted for the crime of criminal possession of stolen property in the first degree and, after a jury trial, convicted of the lesser included crime of criminal possession of stolen property in the second degree. He was sentenced to an indeterminate sentence of imprisonment with a maximum term of four years and a minimum term of one and one-third years. Defendant's principal contention on this appeal is that the trial court erred in failing to inform the jury that the presumptions contained in subdivision 1 of section 165.55 and subdivision 1 of section 165.05 of the Penal Law are rebuttable. We disagree. Concededly, defendant neither excepted to the trial court's charge nor requested a specific charge that the statutory presumptions are rebuttable. Thus, pursuant to CPL 470.15 (subd 2), defendant failed to preserve the issue for appellate review. However, notwithstanding this failure, we may, as a matter of discretion in the interest of justice, reverse or modify a judgment of conviction if, after review, we conclude that defendant's fundamental right to a fair trial was affected by the defect in the charge (CPL 470.15, subd 3, par [c]). We do not reach that conclusion in this matter. While there is obvious danger inherent in charging a jury on the statutory presumptions without going further (*People v Simmons,* 32 NY2d 250, 253; see *People v Ornstein,* 91 AD2d 788), the alleged error must be such that, on the basis of a consideration of all the facts, the jury did not have an opportunity to determine if the presumption failed to prove guilt beyond a reasonable doubt (*People v Leyva,* 38 NY2d 160, 170-171). Here, the proof offered to rebut the presumption was defendant's intoxication which, defendant contends, if believed by the jury, would negate the required element of intent requisite to a conviction of

the crime of criminal possession of stolen property in the second degree. A careful review of the trial court's entire charge reveals that, while the court failed to expressly state that the statutory presumptions were rebuttable, it conveyed to the jury that they had an obligation to weigh the evidence of defendant's intoxication in determining if the People had sustained their burden of proving defendant's guilt beyond a reasonable doubt. Specifically, the trial court charged "in any prosecution * * * evidence of intoxication of the defendant may be offered to negate an element of the crime charged. In this case, intent and knowledge are elements of the crime, of the indictment. Thus, you may consider, based upon the evidence before you, whether or not the defendant was intoxicated at the time of the acts charged and if so, did such intoxication necessarily negate the intent or knowledge required as an element of the crime". Accordingly, we conclude that defendant was not denied his fundamental right to a fair trial (*People v Leyva, supra*). The remaining arguments raised by defendant have been considered and found to be without merit. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.