■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 15, 1981, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was indicted for criminal possession of stolen property in the first degree and criminal possession of a weapon in the third degree. At the trial, police officers testified that in December, 1980 defendant was driving a car with two occupants. The police could not read the rear license plate, which was bent back, and they decided to pull the car over. The defendant delayed in pulling over, and he made turning motions with his body before stopping the car. With the car still moving, the right passenger door opened and closed very quickly, and the car stopped about 15 feet further down the road. The defendant did not have a car registration in his possession. He was then arrested and frisked, whereupon he was found to be wearing a holster. At the point where the car door had opened and closed, the police found a loaded revolver. Subsequent testimony indicated the car was stolen. Defendant produced a witness (an occupant of the car) who testified that defendant and he did not know the car was stolen. They were walking down the street when they were picked up by an acquaintance in the car. Defendant then switched seats with the acquaintance and began driving the car. The witness testified that he never saw a gun or a holster on defendant. The jury acquitted defendant of the stolen property charge, but found him guilty of the weapon charge. Defendant appeals, claiming that the court erred in charging the jury as to the presumption of possession of a weapon. Subdivision 2 of section 265.15 of the Penal Law states that if a weapon is found in a stolen vehicle, it is presumptive evidence that the weapon was in possession of all of the occupants of the vehicle. The court charged this to the jury, but failed to explain that this presumption is permissive and may be disregarded by the jury. Upon subsequent questioning by the jury on this charge, the court instructed the jury that all it had to do to find defendant guilty of criminal possession of a weapon was to find that the gun was in the car. Defendant's first claim is that the court, in effect, instructed the jury that subdivision 2 of section 265.15 of the Penal Law contained a conclusive presumption, and this unconstitutionally shifted the burden of proof to him as to an element of the crime. Defendant duly objected to the court's instructions and this issue is preserved for appeal pursuant to CPL 470.05. Defendant also claims that the court should have instructed the jury that if it found that defendant had no knowledge that the car was stolen, subdivision 2 of section 265.15 did not apply. Although defendant did not make an objection or request as to this issue, the issue may be raised in the interest of justice (see *People v Gray,* 71 AD2d 295). A mandatory presumption as to an element of a crime is unconstitutional because it conflicts with the defendant's overriding presumption of innocence as to every element of the crime, and invades the jury's fact-finding function (*Sandstrom v Montana,* 442 US 510; *People v Gray, supra*). The failure to instruct the jury that the presumption in subdivision 2 of section 265.15 of the Penal Law is rebuttable is reversible error (*People v Baldwin,* 53 AD2d 646; *People v Jackson,* 52 AD2d 630). Although in the context of the instant jury charge some jurors may have interpreted the presumption as permissive, it is evident from the court's charge on the presumption and the subsequent colloquy concerning the charge, that a reasonable juror could have given the presumption conclusive effect. This means that one must assume that the jury perceived the latter interpretation (*Sandstrom v Montana, supra,* p 519). In addition, the court erred by not instructing the jury that if they found that

defendant was not knowingly in a stolen vehicle, the presumption contained in subdivision 2 of section 265.15 could not apply. If a defendant lacks knowledge that a vehicle is stolen, the presumption has no rational connection between the proven fact (a stolen car) and the presumed fact (possession of a weapon), as is constitutionally required (*Leary v United States,* 395 US 6). When there is a lack of evidence to establish that the defendant was in criminal possession of a stolen vehicle, the presumption in subdivision 2 of section 265.15 of the Penal Law cannot apply (*People v Weeden,* 89 AD2d 814). The court's errors were not harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230). The evidence against the defendant was not overwhelming. Furthermore, a jury instruction which improperly shifts the burden of proof as to an element of the crime will not be deemed harmless error (*Sandstrom v Montana,* 442 US 510, 526, *supra*). Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.