OPINION OF THE COURT
Allan L. Winick, J.
The defendant was indicted for criminal possession of a weapon in the third degree.
At 2:00 a.m. on October 22, 1982 the defendant was sitting slouched down on the front passenger seat of an automobile parked in an alley of an apartment house in Valley Stream in the County of Nassau. He did not own this car but it was not stolen, belonging to friends, and, when the police arrived on the scene, having been summoned by a resident of the area, they found him alone in the car. The defendant had apparently been sleeping. The police then directed the defendant to get out of the car.
Between the passenger seat and the driver’s seat there was a console. The police searched this console and came upon a weapon and this indictment ensued.
No evidence was presented to the Grand Jury concerning defendant’s having had the weapon on his person, the People relying on the statutory presumption contained in *986 subdivision 3 of section 265.15 of the Penal Law which in relevant part provides: “The presence in an automobile, other than a stolen one or a public omnibus, of any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found”.
The defendant chose to testify before the Grand Jury and related how he got to be in the car at 2:00 a.m. on the day in question in the alley of the apartment house in Valley Stream.
Certain questions concerning the automobile and the presence or absence of fingerprints on the gun were asked by members of the Grand Jury.
The District Attorney then gave the Grand Jury the instructions on the law which consisted of a recitation of the provisions of subdivision (4) of section 265.02 of the Penal Law, the substantive provisions of the crime of criminal possession of a weapon in the third degree, and of subdivision 3 of section 265.15 of the Penal Law, relating to the statutory presumption of possession arising from the presence of the weapon in the car.
He did not attempt to explain the presumption nor did he tell the Grand Jury that the presumption was not a conclusive presumption which they need not accept and that they could disregard. On the other hand, he did not tell them the presumption was conclusive and binding upon them. On this subject matter there was nothing said whatsoever, other than a recitation of the Penal Law provision.
The defendant now attacks the indictment as fatally defective, or as he frames the objection, “on the grounds of insufficiency and/or illegality,” particularly calling the court’s attention to the District Attorney’s charge regarding the presumption of possession.
A mandatory presumption to an element of a crime is unconstitutional because it conflicts with the overriding presumption of innocence as to every element of the crime, and invades the jury’s fact-finding jurisdiction. (Sandstrom v Montana, 442 US 510.)
It has been held that the failure to instruct a petit jury that the presumption contained in section 265.15 is rebut- *987 table and may be disregarded is reversible error. (People v Williams, 95 AD2d 866; People v Baldwin, 53 AD2d 646; People v Jackson, 52 AD2d 630.) This is so because without this explanation the instruction concerning the presumption is misleading.
Is the same rule to be applied to a Grand Jury? I hold that under the circumstances here prevailing it is applicable and that the failure to explain the presumption to the Grand Jury is fatal to the indictment.
The underpinning of the decisions with respect to petit juries is that they will be misled without the explanation into believing that the presumption is conclusive and binding upon them. So, under the circumstances of this case, the withholding of the explanation was bound to result in misleading the grand jurors.
First of all, in this case, the defendant testified before the Grand Jury. Were they bound to disregard his testimony because it was conclusively presumed that he possessed the weapon because it was found in the car? Secondly, a question was asked about fingerprints on the weapon. Did the Grand Jury have to ignore the answer because the presumption was binding on them? Further questions arose respecting the ownership of the car. Did they have to ignore the answer that it was not his car?
In People v Calbud, Inc. (49 NY2d 389, 394) the Court of Appeals stated: “[I]t would be unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are utilized in assessing a trial court’s instruction to a petit jury.” The court, however, went on to say (pp 395-396): “We note that we do not intend to suggest by our holding in this case that inadequate or incorrect legal instructions to the Grand Jury would never constitute grounds for dismissing an indictment as defective under CPL 210.35 (subd 5). To the contrary, we recognize that there may be situations in which the instructions to the Grand Jury are so misleading that the indictment could not be permitted to stand even though it is supported by legally sufficient evidence (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.35, pp 384-385). It is well established that a citizen cannot be haled into court and tried for an infamous crime *988 unless he has first been indicted by a Grand Jury which has had the opportunity to consider the evidence against him (NY Const, art I, § 6; see People v Iannone, 45 NY2d 589, 593; Matter of Simonson v Cahn, 27 NY2d 1, 4-5). Indeed, the Grand Jury historically has acted as a buffer between the State and its citizens, protecting the latter from unfounded and arbitrary accusations (see, e.g., Gerstein v Pugh, 420 US 103, 117, n 19; United States v Calandra, .414 US 338, 342-343; Matter of Keenan v Gigante, 47 NY2d 160,167-168; People v Iannone, supra, at p 594). When the District Attorney’s instructions to the Grand Jury are so incomplete or misleading as to substantially undermine this essential function, it may fairly be said that the integrity of that body has been impaired. Under such circumstances, CPL 210.35 (subd 5) as well as our State constitutional guarantees might well require dismissal of the Grand Jury’s indictments”.
I believe that this case falls into the exceptional category in which the Court of Appeals would find the instructions given to be so misleading that the indictment could not be permitted to stand even though supported by legally sufficient evidence.
The People’s case is so marginal, that there could be little doubt that the Grand Jury was misled by the failure of the District Attorney to explain the inconclusiveness of the presumption. This is particularly so in the instant case where the defendant testified and where questions were asked regarding the weapon and the car in which it was found and where the Grand Jury, consisting of laymen, had to ask a second time for the law with respect to this presumption.
■ The indictment is, therefore, dismissed as insufficient in law. No other matter is decided.
Leave is granted to the District Attorney to submit the case to another Grand Jury.