■ The People of the State of New York, Respondent, v Ronald Bradley, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 3, 1981, convicting him of criminal possession of stolen property in the first degree and unauthorized use of a vehicle, upon a jury verdict and imposing sentence. The appeal brings up for review the denial of defendant's *Sandoval* motion. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Early in the morning of October 10, 1980, Elwood Stokes entered his car at Hollis Avenue and Francis Lewis Boulevard in the County of Queens. Four men then approached Stokes, grabbed him, dragged him out of his car, and drove away. Stokes saw only one of the perpetrators, the man who searched his pockets. The police subsequently responded. Stokes got into the police car, and after a few minutes identified his car which was located at Newberg Street and Linden Boulevard. Two men were in the car. Stokes

identified the passenger as the man who searched his pockets. Stokes was unable to identify defendant, who was driving the car. Defendant was subsequently indicted for grand larceny in the second degree, criminal possession of stolen property in the first degree, and unauthorized use of a vehicle. Prior to the trial, the court entertained defendant's *Sandoval* motion (see *People v Sandoval,* 34 NY2d 371) and ruled that the prosecutor could question defendant regarding the underlying facts of his three prior convictions should defendant choose to testify. Two of the convictions involved the theft of an automobile, one of which was committed by defendant and the same man who was the passenger in Stokes' automobile on October 10, 1980. Defendant did not testify at the trial. In its charge, the trial court informed the jury of the statutory presumption applicable to criminal possession of stolen property, regarding a person who knowingly possesses stolen property (Penal Law, § 165.55, subd 1). However, the court failed to inform the jury that the presumption was rebuttable. A mistrial was declared with respect to the grand larceny charge, which was subsequently dismissed upon the People's motion. However, the jury found defendant guilty of criminal possession of stolen property in the first degree and unauthorized use of a vehicle. On appeal, defendant contends, *inter alia,* that (1) his *Sandoval* motion should have been granted, and (2) the trial court erred in failing to charge the jury that the presumption regarding criminal possession of stolen property was rebuttable. Defendant's *Sandoval* motion should have been granted with respect to the two convictions involving auto theft. These were not crimes "of calculated violence or of specified vicious or immoral acts [which] significantly revealed a willingness or disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society * * * or in derogation of the interests of others" (*People v Sandoval, supra,* p 377) nor "inherently relevant to the question of * * * defendant's credibility" (*People v Johnson,* 64 AD2d 907, 911, affd 48 NY2d 674). An important consideration in this case was whether defendant failed to testify out of fear that evidence of these crimes, elicited for impeachment purposes, would be interpreted as proof of the commission of the crime charged (*People v Sandoval, supra*). The People's case consisted of no more than the circumstantial evidence of defendant being stopped while in possession of the stolen automobile. The complainant, Stokes, could not identify defendant as one of the perpetrators. Defendant had no witnesses other than himself. Therefore, it was of vital importance that he take the stand in his own defense, and the denial of the *Sandoval* motion with respect to the two auto theft convictions, especially the conviction which involved defendant and the same man who was the passenger in Stokes' automobile, effectively precluded him from doing so. The importance of defendant's testimony far outweighs the value of the auto theft convictions in impeaching defendant's credibility (see *People v Johnson, supra*). The trial court further erred by failing to inform the jury that the statutory presumption regarding a person who knowingly possesses stolen property (Penal Law, § 165.55, subd 1) is rebuttable (*People v Simmons,* 32 NY2d 250; *People v Williams,* 95 AD2d 866; *People v Ornstein,* 91 AD2d 788). Such failure may have led the jury to believe that the presumption was mandatory, which is constitutionally impermissible (see *Sandstrom v Montana,* 442 US 510; *People v Williams, supra*). Therefore, defendant is entitled to a new trial. Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.