(June 20, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED B. VAN SKIVER, Appellant. — Levine, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 18, 1981, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and criminal possession of stolen property in the first degree.

The incriminating evidence introduced by the People against defendant consisted primarily of the testimony of two alleged accomplices. The witness Grant Nash testified that on the morning of December 26, 1980, he traveled to a used car lot in a vehicle owned and operated by defendant. While defendant was talking to two of the owners or employees, Nash stole the keys to a van then parked on the lot. He testified that later that afternoon, defendant transported him back to the lot for the purpose of stealing the van with the keys stolen earlier. Nash also testified that because the van had no registration plates on it, defendant followed the van so closely in his vehicle that it

would not be readily observable that there were no registration plates on the van. The evidence against defendant was to the further effect that the van was driven to defendant's home, where he assisted in stripping some of its equipment and tires prior to the abandonment of the gutted vehicle in a remote area.

Defendant testified and denied any participation in the theft. He admitted assisting in removing certain equipment from the van and retaining possession thereof, but denied any knowledge that the van was stolen. There was evidence introduced on his behalf that he was with other people far removed from the scene of the theft at the time the van was allegedly taken.

As we view the issues on appeal, we conclude that the major issue is defendant's contention that County Court erred in denying defendant's *Sandoval* motion in regard to defendant's convictions of crimes in the years 1977 and 1978. During those years, defendant was convicted upon his plea of guilty of grand larceny in the second degree, grand larceny in the third degree, burglary in the third degree (in which a larceny was committed) and petit larceny. County Court denied defendant's motion and thus permitted the prosecution to cross-examine defendant concerning the details of those crimes should defendant take the stand. There is nothing in the record indicating that the prosecutor disclosed to the court the fact that Nash, one of the alleged accomplices and the People's chief witness at the instant trial, was involved in some manner in each of the larcenies of which defendant was convicted.

In our view, no reversible error was committed in permitting the prosecution to impeach defendant's credibility regarding his larceny and larceny-related offenses. A proven past willingness to steal was recognized in the *Sandoval* decision itself as especially relevant on the issue of credibility (*People v Sandoval,* 34 NY2d 371, 377). The fact that a defendant may have specialized in one type of illegal activity does not ipso facto immunize him from being impeached on the basis of his prior criminal record (*People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). This is not a case where defendant's testimony was the only available source of key evidence which County Court's *Sandoval* ruling foreclosed from being considered in the fact-finding process (*cf. People v Dickman,* 42 NY2d 294, 298). Here, defendant not only testified but produced other witnesses in support of his alibi defense (*People v Sorgente,* 90 AD2d 559, 560; *People v Zada,* 82 AD2d 926). Defendant chose to make his own credibility a pivotal issue in the case and, given the deference which the trial court should be accorded in the balancing of factors required in a *Sandoval* hearing, it cannot be said that it was an abuse of

discretion to permit cross-examination on defendant's prior larcenies (*see, People v La Bombard,* 99 AD2d 851, 853; *People v Talamo,* 55 AD2d 506, 509). Nor can defendant complain that the prosecutor interrogated him regarding his criminal association in the prior larcenies with Nash, his alleged accomplice in the instant case, since defendant identified Nash as his "crime partner" in those larcenies in his direct testimony.

We are likewise unpersuaded that defendant's remaining points establish any ground for reversal. County Court correctly denied defendant's request for a material witness order to provide the cost of transporting an adult to accompany a 15-year-old alleged material witness from his home in Illinois to appear at the trial (*see,* CPL 640.10). Defendant has failed to establish the materiality of that witness's testimony (*People v McCartney,* 38 NY2d 618, 622). Insofar as the child would have testified to statements by Nash claiming ownership of the stolen van and offering to sell it to defendant, Nash, in his testimony for the prosecution, did not deny making such statements, but explained that he did so to allay the suspicions of the other parties present. In other respects, the child's testimony, as described in the defense's application, would have contradicted that given by defendant at one or more key points.

Contrary to defendant's contentions, no error was committed in County Court's instructions to the jury concerning corroboration of accomplice testimony or the presumption of intent to misappropriate from knowing possession of stolen property (Penal Law § 165.65 [1]). The testimony of a nonaccomplice placing a defendant in the presence of the accomplice shortly before or shortly after the alleged commission of the offense is legally sufficient corroboration (*People v Jones,* 76 AD2d 1007, 1008; *People v Chamberlain,* 38 AD2d 306, 310). County Court's charge on corroboration and on the credibility of witnesses adequately instructed the jury on its role in weighing the testimony of the nonaccomplice witness as to its corroborative effect. Regarding the charge on the presumption which arises from knowing possession, the court clearly identified it as only a permissible inference which did not shift the burden of proof from the prosecution, and also charged that the People had the burden of proving that defendant knew the property was stolen. Hence, the charge as given was appropriate (*People v McIntosh,* 93 AD2d 947).

Finally, there is no merit to defendant's assertion that, since no pretrial notice was given of the prosecution's intention to introduce defendant's statements given at his parole violation hearing, defendant could not have been confronted with those

statements during cross-examination (citing CPL 710.30). Defendant gave his own version of the circumstances surrounding his parole revocation in his direct testimony. Having done so, he opened the door to impeachment through cross-examination on such statements despite the absence of prior notice (*People v Goodson,* 57 NY2d 828, 830; *People v Rahming,* 26 NY2d 411, 418).

For the foregoing reasons, defendant's conviction should be upheld in all respects.

Judgment affirmed. Casey and Levine, JJ., concur; Mahoney, P. J., concurs in a separate memorandum; Mikoll and Harvey, JJ., dissent and vote to reverse in a memorandum by Harvey, J.

Mahoney, P. J. (concurring). In my view, the trial court erred in allowing the People to cross-examine defendant regarding the details of his three prior larceny convictions. A balance must be struck between the probative worth which the evidence of prior criminal conduct has on the issue of credibility versus the risk of unfair prejudice to a defendant (*see, People v Sandoval,* 34 NY2d 371, 375). In this case, the details of the larceny convictions were so similar to the charge for which defendant was being tried that such evidence had the effect of establishing a propensity to commit the crime charged (*see, People v Duffy,* 36 NY2d 258, 262). For that reason, the trial court should have invoked a *Sandoval* compromise by allowing impeachment of defendant only by evidence of the crimes themselves, without the underlying details (*cf. People v Sterling,* 95 AD2d 927, 928). However, in this case, the error was harmless since the most prejudicial facts underlying the prior larceny convictions came out, not on cross-examination, but on defendant's direct examination. Therefore, I concur that the judgment of conviction should be affirmed.

Harvey, J. (dissenting). We are in agreement with the concurring memorandum of Presiding Justice Mahoney except that we believe that the *Sandoval* decision constituted reversible error. It is true that the most prejudicial facts came out on defendant's direct examination. However, it is inconceivable that defense counsel would have adopted that tactic had not the trial court announced earlier that the prosecution would be permitted to cross-examine defendant as to the details of those crimes. In our view, the jury would have to have been extremely self-disciplined to avoid the temptation of determining propensity from the permitted evidence. We would reverse and order a new trial.