■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELAZQUEZ, Also Known as LUIS VELAZQUEZ, Appellant. —Appeal by defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered December 21, 1981, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

Defendant contends that Criminal Term incorrectly charged the jury with respect to the statutory presumption of knowing possession of a weapon when a weapon is found in an automo-

bile while the defendant is an occupant therein (Penal Law § 265.15 [3]). In response to a jury request for clarification of the prosecutor's burden of proof involving knowing possession, the court charged the jury:

"Does the District Attorney have to prove that the defendant had knowledge of the gun in the van?

"Yes, of course he does. How does he try to show knowledge? By the built-in presumption that when people are riding in a car and a loaded gun is found in the car, you start with a presumption that the person has knowledge.

"However, it is a rebuttable presumption, and you must consider all of the evidence that you heard to come to the conclusion, *was it successfully rebutted beyond a reasonable doubt* or was it not rebutted.

"So, it's as simple as that" (emphasis supplied).

Due process requires that the State prove each element of the crime charged beyond a reasonable doubt *(In re Winship,* 397 US 358). Therefore, an instruction which improperly shifts the burden of proof deprives defendant of a fair trial *(People v Williams* 95 AD2d 866; *People v Jones,* 57 AD2d 595; *People v Carnegie,* 74 AD2d 651).

The court's supplemental charge imposed on the defendant the affirmative obligation to rebut the statutory presumption of knowing possession. Therefore, in the interest of justice, a new trial is ordered because the jury could not properly weigh the evidence presented to determine defendant's guilt. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.