■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BRETT LOCKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered April 18, 1985, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress identification testimony.

Judgment affirmed, and case remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was not deprived of his constitutional right to counsel when he was subjected to a showup identification procedure without his attorney being present, even though one of the officers involved in the showup had knowledge of an unrelated criminal matter pending against the defendant (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846; People v Robertson, 109 AD2d 806). Further, the defendant was not entitled to suppression of the identification testimony as the showup was not unnecessarily suggestive nor conducive to mistaken identification (see, People v Brnja, 70 AD2d 17, affd 50 NY2d 366; see also, People v Love, 57 NY2d 1023; People v Allen, 112 AD2d 375; People v Medina, 111 AD2d 190).

Viewing the evidence in the light most favorable to the People, the record contains evidence sufficient in quantity and quality to support the verdict (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932). In addition, contrary to the defendant's contention, criminal mischief in the fourth degree is not a lesser included offense of burglary in the third degree (see, People v Glover, 57 NY2d 61).

The sentence imposed was not unduly harsh or excessive and there is no basis for a modification (see, People v Suitte, 90 AD2d 80). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.