■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MCGUIRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered September 27, 1983, convicting him of burglary in the second degree, robbery in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant argues for the first time on appeal that the trial court failed to advise the jurors that they were free to disregard the statutory presumption applicable to criminal possession of stolen property regarding a person who knowingly possesses property (Penal Law § 165.55 [1]). As the defendant took no exception to the charge, he failed to preserve the contention for appellate review as a matter of law *(see, People v Thomas,* 50 NY2d 467, 471; *People v De Mauro,* 48 NY2d 892, 893). In any event, the record indicates that the court properly informed the jury several times that the statutory presumption regarding a person who knowingly possesses stolen property is rebuttable *(see, People v Simmons,* 32 NY2d 250, 253; *People v Bradley,* 99 AD2d 513). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.