■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered June 15, 1987, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his claim that he was denied a fair trial because of the destruction of certain evidence *(see, People v Longwood,* 116 AD2d 590). Reversal in the interest of justice is not required because it is highly unlikely that production of the evidence in question would have changed the verdict *(see, People v Taylor,* 127 AD2d 714).

The defendant's remaining contentions are either unpreserved or without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McNEIL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 7, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant did not object to either the court's charge regarding possession of a weapon or the People's summation, his claims with respect thereto are unpreserved for appellate review as a matter of law *(see,* CPL 470.05; *People v McGuire,* 122 AD2d 284). In any event, the court's charge was correct, and the People's summation fell within the " 'four corners of the evidence' " and was therefore proper *(People v Ashwal,* 39 NY2d 105, 109; *People v Brockington,* 126 AD2d 655, 657).

The defendant has failed to demonstrate a deprivation of his right to the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.