■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SIMPKINS, Appellant.—Judgment of the Supreme Court, New York County (Dorothy Cropper, J.), rendered December 13, 1989, which convicted defendant, after jury trial, of bail jumping in the second degree, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

The minutes of defendant's arraignment hearing indicate that the case was adjourned to July 8, 1989. However, records maintained by both the court clerk and defense counsel reflect that the matter was adjourned to July 17, 1989.

At trial, Supreme Court instructed the jury that the People must demonstrate that defendant was released on his own recognizance, that the defendant was aware that his release was conditioned upon his subsequent appearance on July 8, 1989, and that defendant did not appear on that date or within 30 days thereafter. In response to the jurors' request for further instruction on the elements of the crime, the court delivered a supplemental charge which omitted the element of awareness. Defense counsel promptly moved for a mistrial. The motion was denied and counsel's exception noted.

Defendant's awareness of the conditions of his release must be demonstrated in order to establish scienter *(see,* 3 CJI[NY] PL 215.56, at 1625). The People's argument that the court's main charge clearly included this element is unavailing because the court's erroneous instruction constitutes "the last

words heard by the jury from the court before the jury reached its verdict" *(People v Carnegie,* 74 AD2d 651; *see also, People v Hetenyi,* 304 NY 80, 86).

Defendant's other contentions have been examined and found to be without merit. Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.