■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO GIL, Appellant. [737 NYS2d 279] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered April 1, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second and third degrees, and sentencing him to consecutive terms of seven years to life and 2 to 6 years, and order, same court and Justice, entered on or about January 19, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Since defendant never moved to withdraw his plea, and since his motion to vacate judgment was made on other grounds, defendant's claim that his plea was coerced when the court informed him that it would be inclined to impose a sentence "upwards of 20 years" upon a conviction after trial is unpreserved (*see, People v Ali*, 96 NY2d 840; *People v Hopeton*, 256 AD2d 81), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's statement did not render the plea involuntary since defendant was indicted on multiple charges pursuant to which he could have faced aggregate maximum sentences of 75 years to life (*People v Cornelio*, 227 AD2d 248, *lv denied* 88 NY2d 982).

Defendant's CPL 440.10 motion was properly denied without a hearing (*see, People v Satterfield*, 66 NY2d 796). Defendant failed to provide sufficient factual allegations to support his

claim that his arrest in the Dominican Republic involved egregious misconduct warranting dismissal (*see, Ker v Illinois*, 119 US 436; *Frisbie v Collins*, 342 US 519; *People v Isaacson*, 44 NY2d 511). Defendant's ineffective assistance claim was likewise unsubstantiated. The record establishes that defendant received meaningful representation within the context of a guilty plea (*see, People v Ford*, 86 NY2d 397, 404), and that the issues that defendant faults his counsel for failing to raise would have been unavailing.

Defendant's waiver of his right to appeal forecloses review of his excessive sentence claim (*People v Hidalgo*, 91 NY2d 733). Concur—Williams, J.P., Andrias, Rosenberger and Buckley, JJ.