■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BONILLA, Appellant. [750 NYS2d 224] —Appeal from a judgment of Cayuga County Court (Corning, J.), entered October 20, 2000, convicting defendant upon his plea of guilty of rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law former § 130.35 [1]). Contrary to the contention of defendant, County Court did not abuse its discretion in refusing to allow him to plead guilty to sexual abuse in the first degree and insisting upon a plea to the top count of the indictment. The record does not support defendant's contention that the court refused to accept the plea bargain "based on circumstances unrelated to * * * defendant and the proposed bargain at issue" (*People v Compton,* 157 AD2d 903, 903, *lv denied* 75 NY2d 918). Defendant's further contention that the court coerced the guilty plea is not preserved for our review (*see People v Gil,* 291 AD2d 217, *lv denied* 98 NY2d 651). In any event, "nothing in defendant's plea allocution casts doubt on the voluntariness of [defendant's] plea" (*People v Pantoja,* 281 AD2d 245, 246, *lv denied* 96 NY2d 905). Defendant also failed to preserve for our review his contention that his guilty plea was not knowingly and intelligently entered because he was not advised that a period of postrelease supervision is mandatory (*see People v Benton,* 298 AD2d 902; *People v Shumway,* 295 AD2d 916; *People v Minter,* 295 AD2d 927).

Defendant also contends that the court erred in accepting his guilty plea in light of his statement during the plea allocution that he was intoxicated at the time of the crime. When defendant made that statement, the court conducted the requisite inquiry to determine whether he was asserting that he was intoxicated to such a degree as to negate intent, and if so, whether he was knowingly waiving that potential defense (*see People v Sabari,* 280 AD2d 942). Defendant contends on appeal that the inquiry conducted by the court was inadequate. However, "[h]aving failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution" (*People v Lopez,* 71 NY2d 662, 668).

Defendant additionally contends that the court erred in failing to inquire at sentencing into his assertion of innocence in the presentence report. We disagree. "Since nothing in defendant's plea allocution cast doubt on the voluntariness of his plea * * * and since defendant made no motion to withdraw his plea, the court was under no obligation to conduct a *sua sponte* inquiry into defendant's denial of guilt to the probation officer preparing the presentence report" (*Pantoja*, 281 AD2d at 246; *see People v Toussaint*, 294 AD2d 129; *see also People v Young*, 281 AD2d 950, *lv denied* 96 NY2d 909).

Defendant further contends that his girlfriend did not freely and voluntarily consent to the search of his residence (*see People v Gorsline*, 47 AD2d 273, 275) and that the court therefore erred in denying his suppression motion. Even assuming, arguendo, that defendant's contention is preserved for our review (*cf. People v Coleman*, 81 AD2d 869, *affd* 56 NY2d 269; *People v Martin,* 50 NY2d 1029, 1030-1031; *People v Brinson*, 177 AD2d 1019, 1020, *lv denied* 79 NY2d 998), we conclude that it lacks merit. The record establishes that the consent of defendant's girlfriend was valid (*see People v Garnsey*, 288 AD2d 761, 762, *lv denied* 97 NY2d 754; *see also People v Smith*, 54 NY2d 954, 956).

We reject the remaining contention of defendant that the court erred in denying his motion to suppress showup identification testimony. Contrary to defendant's contentions, there is no right to counsel at an identification procedure conducted prior to the initiation of a criminal proceeding (*see People v Hawkins*, 55 NY2d 474, 482, *cert denied* 459 US 846; *People v Locke*, 122 AD2d 77) and the showup procedure here, which was conducted at the crime scene approximately one hour and 15 minutes after the crime, was not unduly suggestive (*see People v Ricks*, 270 AD2d 882, *lv denied* 95 NY2d 802; *People v Clark*, 262 AD2d 1051, *lv denied* 93 NY2d 1016; *see also People v Duuvon*, 77 NY2d 541, 544-545). Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.