■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THANG THANH NGUYEN, Appellant. [765 NYS2d 553] —Appeal from a judgment of Supreme Court, Monroe County (Cornelius, J.), entered August 27, 1998, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing that the sentence imposed on count six of the indictment, robbery in the first degree, shall run concurrently with the sentences imposed on count two of the indictment, murder

in the second degree, and counts four and five of the indictment, burglary in the first degree, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]), two counts of burglary in the first degree (§ 140.30 [1], [4]), and three counts of robbery in the first degree (§ 160.15 [1], [2], [4]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by the People's alleged failure to preserve fingerprint evidence (*see* CPL 470.05 [2]; *People v Lopez*, 146 AD2d 808 [1989], *lv denied* 73 NY2d 1018 [1989]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We reject the further contention of defendant that he was denied effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Supreme Court properly denied defendant's motion to dismiss the indictment on the grounds that the seizure of defendant in Vietnam violated his due process rights under the State and Federal Constitutions and deprived the court of jurisdiction over him (*see People v Thang Thanh Nguyen*, 177 Misc 2d 16, 20-21 [1998]; *see also People v Gil*, 291 AD2d 217, 218 [2002], *lv denied* 98 NY2d 651 [2002]). Contrary to defendant's further contention, the burglary and robbery counts are not lesser included offenses that merged in the felony murder conviction (*see People v Berzups*, 49 NY2d 417, 427 [1980]), and thus those counts are not subject to dismissal as inclusory concurrent counts (*see* CPL 300.30 [4]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the sentence imposed on count six of the indictment, robbery in the first degree (Penal Law § 160.15 [1]), must run concurrently with the sentences imposed on count two, murder in the second degree, and counts four and five, burglary in the first degree (*see People v Laureano*, 87 NY2d 640, 644 [1996]), and we modify the judgment accordingly. The sentence is not otherwise improper (*see People v Lee*, 92 NY2d 987, 988-989 [1998]; *People v Hladky*, 229 AD2d 400 [1996], *lv denied* 88 NY2d 1068 [1996]), nor is the sentence unduly harsh or severe. Present—Green, J.P., Pine, Wisner and Hayes, JJ.