*916 OPINION OF THE COURT
Carmen B. Ciparick, J.
The defendant Rafael Garcia along with three codefendants, Michael Santiago, Jorge Alvarado and Enrique Hilton, who have joined the former in this motion, were arrested on December 23, 1979, and charged with criminal possession of a weapon in the third degree pursuant to section 265.02 of the Penal Law and other crimes. They were indicted on three counts of criminal possession of a weapon in the third degree by the Grand Jury of Bronx County, filed on January 4,1980.
The defendants have moved for discovery of the District Attorney’s charge to the Grand Jury and/or inspecting the charge and dismissing the indictment pursuant to CPL 210.20 (subd 1, par [c]), 210.35 (subd 5), 190.25 (subd 6) and 190.30. The charge has been pleaded by the District Attorney via affirmation in opposition to the instant motion.
Defendants allege that the Grand Jury was improperly charged relating to the presumption of possession of a weapon in an automobile. Defendant Garcia’s attorney, the principal movant in this matter, alleges that at the conclusion of the preliminary hearing in the Criminal Court on December 28, 1979, she had advised the Assistant District Attorney, that although the defendant Garcia did not wish to testify before the Grand Jury, counsel intended to submit a request to charge the Grand Jury on behalf of her client. This request was not honored and the matter was presented to the Grand Jury. This is not disputed.
Although no legal requirement exists that a defendant be permitted to dictate the charges presented to the Grand Jury, the District Attorney, pursuant to CPL 190.25 (subd 6), "must instruct the grand jury concerning the law with respect to its duties or any matter before it,” and further may properly “instruct the [grand] jury with respect to the significance, legal effect or evaluation of evidence” (CPL 190.30, subd 6). Before an indictment can issue, a "legally sufficient” case (CPL 190.65) must have been presented.
The failure of the District Attorney to instruct the Grand Jury in the instant matter, concerning the permissible nature of the presumption from the presence of a weapon in an automobile to possession by all occupants (Ulster County Ct. v Allen, 442 US 140) may very likely have led the Grand Jury *917 to infer that the presumption was mandatory, thus prejudicing the defendants in this matter.
Defense counsel contends, and the court agrees, that upon examination of the general charge given upon impaneling and the specific charge given at the conclusion of the evidence, the charges wrought by the Allen case not having been supplied to the Grand Jury, in effect made the People’s charge insufficient and misleading. The presumption as charged was used to supply a necessary element, i.e., possession, and thus necessary for a "legally sufficient case”. The defense further contends that the improper charge constituted a defect which impaired the integrity of the Grand Jury and prejudiced the defendants and, therefore, required dismissal of the instant indictment. The court agrees. The indictment was dismissed by this court on March 12, 1980, with leave to the People to represent to a new Grand Jury.
The People contend in their affirmation in opposition and later in their affirmation and memorandum of law, in support of a motion to reargue, that the Grand Jury was correctly informed on the applicable law. The People maintain that the requirements of the CPL are satisfied in this situation by the recitation of the statute and further rely on People v Calbud, Inc. (49 NY2d 389, 394-395, n 1, p 395) wherein the Court of Appeals held that "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law. We deem it sufficient if the District Attorney provides the Grand Jury with enough information to enable it to decide intelligently whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the natural elements of the crime. In the ordinary case, this standard may be met by reading to the Grand Jury from the appropriate sections of the Penal Law.”
The case at bar, in the opinion of this court, can be distinguished from the one in Calbud. Calbud further held (p 395) that "there may be situations in which the instructions to the Grand Jury are so misleading that the indictment could not be permitted to stand”. The case at bar is not the "ordinary case” (see n 1, p 395) wherein the mere "reading to the Grand Jury from the appropriate sections of the Penal Law” would suffice. The case here is the exceptional case wherein the Grand Jury, having been instructed as per statute of the presumption of possession of the weapon by all the occupants *918 should have also been charged that the presumption was permissive as prescribed by the United States Supreme Court. It would be ridiculous to assume that where case law has unequivocally altered a statutory provision to the point of finding the presumption created by that statute to be unconstitutional that a District Attorney can meet his burden of properly charging the Grand Jury on the law by a simple "reading * * * from the appropriate sections of the Penal Law” without further advising the Grand Jury regarding the presumption as limited by case law. The instructions being so misleading, the indictment cannot be permitted to stand.
The court herein finds that the District Attorney failed to properly instruct the Grand Jury to the extent that absence of such instruction constitutes a prejudice to the defendants requiring dismissal of the indictment.
In view of the foregoing, defendants’ motion to dismiss the indictment on the grounds that the Grand Jury proceeding was defective and that evidence presented to the Grand Jury was legally insufficient is granted and the indictment dismissed with leave to the People to submit the charges to another Grand Jury.
The defendants are deemed to be held for further Grand Jury action and cash bail heretofore fixed ordered continued pending resubmission of the case to the Grand Jury and the Grand Jury’s disposition thereof (CPL 210.45, subd 9).
Based upon the above disposition of a segment of defendants’ pretrial motion, the defendants’ remaining requests for a suppression hearing and a Sandoval hearing are denied as moot.