■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARVIN DAWSON, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered May 20, 1981, convicting defendant, following a nonjury trial, of the crime of murder in the second degree. As a result of an incident wherein defendant allegedly caused the death of an eight-month-old infant who was left in his care by repeatedly striking, punching, slapping, biting, pinching and otherwise beating the child, defendant was indicted for the crimes of murder in the second degree, a class A-1 felony (Penal Law, § 125.25, subd 2), and manslaughter in the first degree, a class B felony (Penal Law, § 125.20, subd 1). Following a nonjury trial, he was convicted on the murder charge and then sentenced to a term of imprisonment of 25 years to life. Challenging both his conviction and sentence, defendant now appeals, but his arguments are unpersuasive. Defendant's contentions that he was deprived of due process and a fair trial by the procedures followed in this case are without merit. Admittedly, the Grand Jury was read all relevant sections of the Penal Law with regard to the indictment, and the instructions to the Grand Jury were not erroneous, nor were there complex multiple charges such as would render the instructions given inadequate (see *People v Boots,* 83 AD2d 705; *Matter of Special Grand Jury Investigation in Alleged Wire Tapping Activities in Chautauqua County,* 79 AD2d 847). Similarly, the People were not required to instruct the Grand Jury as to a possible exculpatory interpretation of certain testimony given by a pathologist who testified before the Grand Jury. Also, the pathologist's testimony was provided defendant at the outset of the trial, and defendant was given ample time and opportunity so that he could use that testimony at trial. Under these circumstances, his due process and fair trial rights under *Brady v Maryland* (373 US 83, 87) were not abridged, and since the prosecution did not receive the testimony in question until after defendant waived a jury trial, it could not have supplied the testimony to defendant prior to the waiver. Defendant's remaining contentions are likewise lacking in substance. Evidence amply supports the court's ruling that the inculpatory statement given by defendant to the police was given knowingly and voluntarily after defendant had been fully advised of his *Miranda* rights, and defendant's claim that he was told by a police officer that he would only go to a hospital for two years if he confessed was contradicted by the officer so that questions of fact and credibility were presented for the trial court to resolve. The proof at trial, including defendant's admissions, also sufficiently established defendant's guilt beyond a reasonable doubt even though it was largely circumstantial (see *People v Arca,* 72 AD2d 205), and defendant does not have a long history of abusive conduct toward others (see *People v Kibbe,* 35 NY2d 407). Lastly, in view of the serious and vicious nature of this crime, it cannot properly be said that the court abused its discretion in imposing sentence. Further, unlike our decision in *People v Caprio* (47 AD2d 1), we are not inclined to reduce the sentence in the interest of justice. Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.