■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FOLEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered April 18, 1980, convicting him of rape in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence as a persistent felony offender. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and the case is remitted to the Supreme Court, Kings County, for resentencing as a second felony offender. Defendant asserts that he was improperly adjudicated

a persistent felony offender because the two predicate convictions, rendered in 1965 and 1970, respectively, upon his pleas of guilty, were unconstitutionally obtained (see CPL 400.20, subd 6). Defendant claims that on both occasions, he pleaded guilty without an awareness of the consequences and alternatives available to him (see *People v Brown,* 67 AD2d 949; *People v De Berry,* 73 AD2d 652; *People v Pruitt,* 83 AD2d 872; *People v Bennett,* 86 AD2d 674; *People v Alicea,* 89 AD2d 872). The minutes of those guilty pleas reveal that defendant was never formally advised, on the record, of his rights pursuant to *Boykin v Alabama* (395 US 238). However, with respect to defendant's 1970 conviction, some reference was made when he pleaded guilty, to his right to a trial. The trial court in the instant case held a hearing on defendant's claims. At that hearing, defendant asserted that his counsel on each occasion was ineffective, in failing to advise him of his constitutional rights and the alternatives available to him. However, defendant appealed from the 1970 judgment of conviction, and, for the purposes of that appeal, was assigned new counsel, who defendant never claimed was ineffective. On that appeal, defendant never contested the validity of his guilty plea, and his conviction was affirmed by this court (see *People v Foley,* 38 AD2d 688). There is no evidence in the record that defendant was aware of his rights and the alternatives available to him when he pleaded guilty in 1965. Therefore, that conviction should not have been counted in determining his status as a persistent felony offender (see CPL 400.20, subd 6). However, with respect to his 1970 conviction, defendant's failure to raise the question of the validity of his plea when he appealed from that judgment is fatal to his current claim. Defendant's appeal was perfected subsequent to the determination of the Supreme Court in *Boykin v Alabama* (*supra*), by counsel whose competence defendant does not contest. Thus, it is apparent that defendant was satisfied with his guilty plea at the time, and his decision to forego the alternatives available to him was intelligently and voluntarily made (see *People v Todzia,* 21 NY2d 338, 355). Based upon his 1970 conviction, defendant is a second felony offender, and should be resentenced as such. We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.