■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY HESTER and ELLIOTT WALKER, Also Known as ELLIOT WALKER, Respondents.—Order, Supreme Court, New York County (Brenda S. Soloff, J.), entered January 10, 1986, dismissing the indictment against defendants Messrs. Roy Hester (Mr. Hester) and Elliott Walker (Mr. Walker), is unanimously affirmed; however, leave is granted to the People to resubmit the matter to a new Grand Jury.

During the morning of July 25, 1985, New York City Police Officer Kenneth Donahue (Officer Donahue) stopped a livery cab, transporting three passengers, for a traffic infraction, at 110th Street and Seventh Avenue, New York County. The three passengers, later identified as Messrs. Clarence Childs (Mr. Childs), Hester and Walker, were seated in the rear.

Subsequently, Officer Donahue observed a brown shoulder bag on the seat between Messrs. Childs and Hester. Furthermore, Officer Donahue also observed Mr. Childs remove a paper bag from his left rear pocket, and throw it to the floor. Thereupon, Officer Donahue focused his flashlight on the paper bag, and saw three hypodermic needles protruding from it. At this point, Officer Donahue directed Messrs. Childs, Hester and Walker to exit the vehicle. In the course of exiting the vehicle, Mr. Childs dropped the shoulder bag to the floor of the cab.

Thereafter, Officer Donahue recovered: the paper bag, which contained six hypodermic needles, and three glassine envelopes, as well as the shoulder bag, which contained 102 glassine envelopes, six hypodermic syringes, and six hypodermic needles. Laboratory analysis indicated, in pertinent part, that the 102 glassine envelopes found in the shoulder bag contained heroin, with an aggregate weight of almost 4½ ounces.

By indictment, filed October 11, 1985, a New York County Grand Jury, in pertinent part, charged defendants Messrs. Hester and Walker with the crimes of criminal possession of a controlled substance in the first degree (Penal Law § 220.21), and criminally possessing a hypodermic instrument (Penal Law § 220.45).

Following this indictment, defendants Messrs. Hester and Walker moved to dismiss, and Criminal Term granted their motions.

We agree.

After our review of the Grand Jury minutes, we find that the People failed to instruct the members of the Grand Jury that the presumption contained in Penal Law § 220.25, entitled: "Criminal possession of a controlled substance; presumption", is permissible and not mandatory. This was error. In substance, the language of subdivision (1) of Penal Law § 220.25 provides for a permissible presumption to be made that controlled substances found in an automobile are under the ownership and control of all of the passengers. Applying that presumption to the evidence in the instant case, we find that the People's instruction was "so incomplete * * * as to substantially undermine [the ability of the Grand Jury to determine if a crime had been committed]" *(People v Calbud, Inc.,* 49 NY2d 389, 396 [1980]).

Accordingly, we affirm; however, we grant leave to the People to resubmit the matter to a new Grand Jury to whom the full and proper legal instruction will be given. Concur—Murphy, P. J., Kupferman, Ross, Milonas and Smith, JJ.