THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EARL WILLIAMS and CHRISTINE SIMMONS, Respondents.

Second Department, April 4, 1988

APPEARANCES OF COUNSEL

*John J. Santucci, District Attorney (Mark Osnowitz* of counsel), for appellant.

## OPINION OF THE COURT

LAWRENCE, J.

The issue presented for our consideration is the sufficiency of the instructions given to the Grand Jury concerning the statutory presumption of possession of a weapon in an automobile (Penal Law § 265.15 [3]). We find that under the circumstances herein, the mere recitation of the statutory language set forth in Penal Law § 265.15 (3), without further instructions on the permissive nature of the presumption, was so inadequate that dismissal of the indictment as against the defendants Earl Williams and Christine Simmons was required.

I

The testimony before the Grand Jury indicated that on February 4, 1986, at about 9:15 P.M. at the Highland Park parking lot in Queens, Police Officer Joseph Falcone observed a parked 1975 vehicle. The defendant Earl Williams was in the driver's seat, and the defendant Christine Simmons was in the front passenger seat. The officer approached the vehicle and asked the occupants to exit the vehicle and to produce identification. After the occupants had exited the vehicle, the officer observed a .38 caliber gun, on the floor, partially under the driver's seat. The gun was seized and the occupants of the car were arrested. Before sending the gun to the police laboratory, the officer noted that it was loaded. The certified ballistics report, submitted as exhibit 1, indicated that the gun's serial number had been defaced and that the gun and ammunition were operable.

Vera Jenkins, the owner of the vehicle, after waiving immunity, testified that the defendant Earl Williams had her permission to drive the car. Jenkins had reported the car stolen because after Williams had taken the car, she had been unable to locate him, and she became concerned about his welfare. Jenkins further testified that her late husband, who had died on March 21, 1985, had owned the gun, and that the gun had been in the car, on the floor under the driver's seat, for approximately one year because she had forgotten about it.

Jenkins stated that she had neither shown the gun to Williams nor had she told him about the gun.

The prosecutor first told the grand jurors that they were to consider the same charges against Vera Jenkins as those to be considered against the defendants Earl Williams and Christine Simmons. The Grand Jury was then instructed by the prosecutor concerning the applicable law by the recitation of the statutory language of the following provisions of the Penal Law: acting in concert (Penal Law § 20.00); those subdivisions of the crime of criminal possession of a weapon in the third degree concerning possession of a defaced weapon and possession of a loaded weapon outside a person's home or place of business (Penal Law § 265.02 [3], [4]); and the presumption of possession of a weapon in an automobile (Penal Law § 265.15 [3]). The prosecutor did not otherwise instruct the Grand Jury concerning the presumption.

The defendants Earl Williams and Christine Simmons, as well as Vera Jenkins, were subsequently indicted for two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3], [4]).

Upon the defendants' motions, the indictment against all three defendants was dismissed, with leave to re-present to another Grand Jury. The Supreme Court, Queens County, found, in pertinent part, that the Grand Jury's indictment was defective because of the following deficiencies in the instructions to the Grand Jury: the prosecutor had not charged the Grand Jury with regard to the permissive nature of the presumption of possession of a weapon in an automobile nor had he charged that Jenkins had attempted to rebut the presumption by her testimony.

On this appeal, the People only seek to reinstate the indictment as against the defendants Earl Williams and Christine Simmons.

## II

Penal Law § 265.15 (3) provides, in pertinent part, that "3. The presence in an automobile, other than a stolen one or a public omnibus, of any firearm, [or] defaced firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found, except under the following circumstances: (a) if such weapon, instrument or appliance is found upon the person of one of the occupants therein; (b) if such weapon,

instrument or appliance is found in an automobile which is being operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver; or (c) if the weapon so found is a pistol or revolver and one of the occupants, not present under duress, has in his possession a valid license to have and carry concealed the same".

As noted by the Court of Appeals, "[T]he statutory presumption establishes a prima facie case against the defendant which presumption he may, if he chooses, rebut by offering evidence. Generally, the presumption will remain in the case for the jury to weigh even if contrary proof is offered but may be nullified if the contrary evidence is strong enough to make the presumption incredible. So too, if no contrary proof is offered, the presumption is not conclusive, but may be rejected by the jury" *(People v Lemmons,* 40 NY2d 505, 510). Thus, it is clear that "[t]he [substantive law] regarding the presumption as to possession of a weapon in an automobile consists of both the statute creating the presumption and the case law construing and limiting the statute's effect" *(People v Nelson,* 127 Misc 2d 583, 588).

Accordingly, it has been held that in charging a petit jury with regard to the presumption, it is necessary for the trial court to make it clear that the presumption is permissive and that even if contrary proof is rejected or not offered to nullify the presumption, it may still be rejected by the jury *(see, People v Lemmons, supra; see also, Ulster County Ct. v Allen,* 442 US 140, 160-161; *cf., People v Williams,* 95 AD2d 866; *People v Baldwin,* 53 AD2d 646; *People v Jackson,* 52 AD2d 630 [the latter three cases involved the analogous presumption of possession of a weapon found in a stolen vehicle (Penal Law § 265.15 [2])]). The People challenge on this appeal the need to similarly instruct the Grand Jury on the permissive nature of the presumption of possession of a weapon in an automobile set forth in Penal Law § 265.15 (3).

## III

As to the prosecutor's instructions to the Grand Jury on the presumption, we initially reject the People's contention that the statutory language of Penal Law § 265.15 (3) was sufficient to put the Grand Jury on notice that the presumption was rebuttable. The statute merely indicates that under certain circumstances the presumption does not apply. It does not

indicate that in circumstances where the presumption applies, it may still be rejected by the Grand Jury, even if there is no evidence presented tending to rebut the presumption, or if the Grand Jury chooses to reject any such contrary evidence.

While the Grand Jury "need not be instructed with the same * * * precision that is required when a petit jury is instructed on the law", it must be provided "with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (People v Calbud, Inc., 49 NY2d 389, 394-395). In this case, the presumption was to be used by the Grand Jury to properly assess a necessary element of the crimes submitted, to wit, possession. Thus, an instruction on the presumption, including the limitation set forth in case law, was required by CPL 190.25 (6), which provides, in pertinent part, that "[w]here necessary or appropriate * * * the district attorney * * * must instruct the grand jury concerning the law with respect to its duties or any matter before it". This case is not the " 'ordinary case' * * * wherein the mere 'reading to the Grand Jury from the appropriate sections of the Penal Law' would suffice. The case here is the exceptional case wherein the Grand Jury, having been instructed as [to the] * * * presumption of possession of the weapon by all the occupants [of the vehicle], should have also been charged that the presumption [is] permissive" (People v Garcia, 103 Misc 2d 915, 917-918, quoting from People v Calbud, Inc., supra, at 395, n 1). As noted in People v Jobson (119 Misc 2d 985, 987), "The underpinning of the decisions with respect to petit juries is that they will be misled without the explanation into believing that the presumption is conclusive and binding upon them. So, under the circumstances of this case, the withholding of the explanation was bound to result in misleading the grand jurors".

We do agree with the People that the prosecutor was not required to specifically instruct the Grand Jury as to any possible exculpatory interpretation of Vera Jenkins' testimony (see, CPL 190.30 [7]; People v Dawson, 91 AD2d 713; People v Isla, 96 AD2d 789). Nevertheless, the failure to mention Vera Jenkins' testimony in the instructions made certain that the recitation of the statutory language set forth in Penal Law § 265.15 (3) without further explanation as to the permissive nature of the presumption, would have a misleading effect. This is especially so since the People relied solely upon the

presumption and the only evidence against the defendants Earl Williams and Christine Simmons was their presence in the automobile. Contrary to the People's contention, Jenkins' testimony concerning what the defendant Earl Williams told her after his arrest does not indicate that he knew about the gun in the car.

Finally, we note that *all* of the reported cases on the issue that have come to our attention have held that in similar situations, the mere recitation of the statutory language set forth in Penal Law § 265.15 (3) is insufficient *(see, People v Nelson,* 127 Misc 2d 583, *supra; People v Jobson, supra; People v Garcia, supra; see also, People v Hester,* 133 AD2d 302 [involving the similar presumption concerning possession of a controlled substance in an automobile]).

## IV

We therefore conclude that the prosecutor's instructions to the Grand Jury herein were "so incomplete [and] misleading * * * that the integrity of that body [was] impaired", and the defendants Earl Williams and Christine Simmons were clearly prejudiced as a result thereof *(see, People v Calbud, Inc., supra,* at 396; CPL 210.35 [5]). Accordingly, the dismissal of the indictment as against the defendants Earl Williams and Christine Simmons was warranted.

MANGANO, J. P., THOMPSON and KUNZEMAN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from.