■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VAN LOAN, Appellant.—Mahoney, J.

As a result of an incident that occurred on February 13, 1988 involving a 12-year-old child, defendant was indicted for the crimes of aggravated sexual abuse, sodomy in the first degree and sodomy in the second degree. After a jury trial, defendant was found guilty of all counts in the indictment and was sentenced as a second felony offender to concurrent terms of imprisonment of 8 to 16 years for each of the first two counts of the indictment and 3 to 6 years for the third count. This appeal followed.

We affirm. Relying on People v Taylor (75 NY2d 277), defendant argues that County Court erred in permitting the testimony of Marion Dent, a child therapist, who testified that based on her experience with the victim as her patient, he did not exhibit any signs of sexual abuse prior to the incident with defendant but has since exhibited several signs of sexual abuse.

Initially we note that, by failing to object to that portion of Dent's testimony, defendant has waived review of the alleged error (see, CPL 470.05 [2]). We would, in any event, reject such

argument. In *People v Taylor (supra)*, the Court of Appeals concluded that expert testimony regarding rape trauma syndrome could be "offered to explain behavior that might appear unusual to a lay juror not ordinarily familiar with the patterns of response exhibited by rape victims" but would be "inadmissible when it inescapably bears solely on proving that a rape occurred" *(id.,* at 293). In our view, accepting the applicability of *People v Taylor (supra)*, Dent's testimony* supplied an explanation to the jury of how someone affected by sexual abuse might behave in a manner inconsistent with the alleged incident, thus assisting the jury in evaluating such behavior *(see, supra,* at 292-293). Accordingly, we would find Dent's testimony proper under the circumstances of this case.

Next, we also conclude that County Court did not commit reversible error in the manner it handled defense counsel's request that it be provided with certain progress notes on the ground that such notes were *Rosario (see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) or *Brady (see, Brady v Maryland,* 373 US 83) material. While the court denied defendant's motion for a mistrial, it nonetheless ordered that all the witnesses, including the victim, be recalled to be cross-examined by defendant. Defense counsel cross-examined the witnesses and victim on the information in the notes and they were received into evidence. We therefore conclude that even if the progress notes contained *Rosario* or *Brady* material, any delay in producing the notes did not constitute reversible error *(see, People v Wolf,* 176 AD2d 1070) because the delay did not contribute to the verdict *(see, People v Vilardi,* 76 NY2d 67, 77) and did not substantially prejudice defendant *(see, People v Ranghelle,* 69 NY2d 56, 63).

Finally, we reject defendant's position that the People failed to prove his guilt beyond a reasonable doubt *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant's proof at best raised issues of credibility which were properly left for the jury to decide *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

Levine, Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.

---

* Dent's testimony was offered in response to defense counsel's opening recitation that one expert, Rita Jaeger, was "not convinced that any sexual abuse occurred".