■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered May 15, 1989, convicting him of rape in the first degree and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor violated the trial court's Sandoval ruling by questioning him about his drug use was not preserved for appellate review through appropriate objection (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467; People v Udzinski, 146 AD2d 245). In any event, we note that the defendant opened the door to this line of questioning when, during direct examination, he volunteered that he was a regular drug user (see, People v Ventimiglia, 52 NY2d 350; People v Rios, 166 AD2d 616; People v Hicks, 102 AD2d 173). The record also indicates that the trial court curtailed this line of questioning before the defendant suffered undue prejudice (see, People v Pavao, 59 NY2d 282).

Further, we find that the trial court properly permitted an expert in the field of child sex abuse to testify. The expert's

testimony was offered to help the jury understand why a child victim of sexual abuse might delay in telling someone that she had been sexually assaulted *(see, People v Taylor,* 75 NY2d 277).

Although defense counsel failed to object to certain hearsay testimony and to remarks made by the prosecutor during summation, we do not find that defense counsel's performance as a whole deprived the defendant of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the defendant's guilt of rape in the first degree and sexual abuse in the first degree was proven beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review, and, in any event, without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.