■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LENNOX GRANT, Respondent. [599 NYS2d 16] —Order of the Supreme Court, Bronx County (Richard Lee Price, J.), entered September 25, 1991, which granted defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict convicting him of criminal possession of a weapon in the third degree, granted defendant's motion to strike the trial testimony of a certain witness, and granted defendant's pretrial motion to dismiss the indictment as defective on the ground of insufficiency pursuant to CPL 210.20 (1) (a), unanimously reversed, on the law, the motion denied, and the verdict reinstated. This matter is remitted to Supreme Court for further proceedings pursuant to CPL 470.45.

On July 4, 1990, Police Officers Halpin and Wong responded to a radio report, described by Officer Halpin as a "gun run", directing them to 241st Street and Crawford Avenue in Bronx County. There, they observed a large crowd from which defendant emerged, walked a distance of 10 to 15 feet to a grassy area and discarded a large black object. From that same location, Officer Wong recovered a ten-inch-long, black, semiautomatic Intra Tec 9 handgun, containing one round in the chamber but no clip. Eleven spent shell casings were found in the same general area.

Officer Wong gave the weapon to Officer Halpin. Officer Halpin obtained voucher sheet Number E000811 from his precinct desk officer which he prepared listing the gun, the casings, and the round and placed, together with the evidence, in a plastic bag. Officer Halpin did not, however, record the weapon's serial number on the voucher, nor did he place any mark on the weapon. The bag containing the evidence was delivered to the desk officer, who then placed it in a property locker.

On July 10, 1990, Detective Barry tested the weapon with three live rounds obtained from police headquarters' stock of ammunition. The gun was found to be operable. The single round found in the chamber of the gun at the time it was seized was not tested on this occasion.

On August 15, 1990, defendant was indicted for criminal possession of a weapon in the third degree. Prior to trial, defendant orally moved to dismiss the indictment as legally insufficient or to reduce the charges pursuant to CPL 210.30 on the ground that, absent evidence that the cartridge found with the gun was "live", the evidence before the Grand Jury did not establish, prima facie, that the gun was capable of discharging a shot. Supreme Court denied the motion. Defendant renewed his argument at the inception of trial. During a trial recess on March 4, 1991, the People sent the weapon back to Detective Barry, who tested the one bullet seized with the gun and determined that the round was operable. The court, after hearing counsel, reserved decision on defendant's renewed motion.

At trial, Officer Wong testified as to the events surrounding the arrest, and Detective Barry testified as to the operability of the weapon. The People then presented the testimony of Officer Halpin. It became apparent that the officer had not marked the weapon itself or recorded its serial number when it was vouchered. The People sought to persuade the court that a proper chain of custody could nevertheless be established, eliciting testimony that the gun was in a bag with a unique voucher number, that the officer recognized the gun sought to be introduced as the same model, make, and caliber as the one recovered at the time of arrest, and that the evidence bag had been delivered to the desk officer. The court sustained defendant's objection to the introduction of the gun into evidence and the People rested. The court reserved decision on defendant's renewed motion to dismiss the indictment or to reduce the charges against him. Defendant then rested, having presented no evidence.

Prior to summation, the People moved to reopen their case to present the testimony of all the various officers who had taken possession of the weapon from the time it was initially vouchered to the time it was tested by Detective Barry. Defendant cross-moved to strike Detective Barry's testimony on the ground that the weapon itself had been excluded from evidence and there was therefore no foundation for his testimony. Both motions were denied.

The case was submitted to the jury, which found defendant guilty as charged. Defendant then moved to set aside the verdict and to dismiss the indictment on the dual grounds, (1) that the indictment was based on legally insufficient evidence arising out of the failure to test the round lodged in the

chamber at the time of his arrest and, (2) that, as the gun itself was not admitted into evidence, the trial evidence was insufficient to sustain the verdict of guilty.

Supreme Court granted defendant's various motions. It dismissed the indictment as defective on the ground that the People failed to test and prove the operability of the round recovered with the weapon *(People v Schaffer,* 66 NY2d 663). The court also determined that Detective Barry's testimony should have been stricken as there was insufficient trial evidence to connect the weapon recovered to the defendant. Finally, the court set aside the jury verdict on the ground that the evidence adduced at trial was not sufficient to sustain it.

On appeal, the People argue that pursuant to CPL 330.30 (1) the trial court could set aside the verdict only in the event that the evidence was not legally sufficient and that, in this regard, the court erroneously excluded both the gun and Detective Barry's testimony from evidence. With respect to the physical evidence, the People argue that they were only required to establish that the weapon was the same item seized and that it had not been tampered with *(People v Donovan,* 141 AD2d 835, *lv denied* 72 NY2d 1044). Given the unique voucher number and the fact that Officer Halpin identified the weapon, the People maintain that a sufficient chain of custody was established and that any omission in the People's proof went only to the weight, and not the admissibility, of the evidence *(People v Sarmiento,* 168 AD2d 328, *affd for reasons stated* 77 NY2d 976; *People v Craig,* 155 AD2d 550).

With respect to the defect in the proof before the Grand Jury, the People maintain that failure to dismiss a defective indictment is not reviewable after conviction so long as the conviction is based on legally sufficient trial evidence (CPL 210.30 [6]; *People v Robinson,* 133 AD2d 473, *lv denied* 71 NY2d 1032).

This appeal presents the anomalous situation of a pre-trial motion which went undecided until after the jury returned a verdict of guilty, resulting in an order of dismissal, as defective, of the single count charged in the indictment (CPL 210.20 [1] [a]; 210.25 [1]; 210.30). This Court has discouraged this procedure *(see, People v Hibbler,* 111 AD2d 67, 68, *lv denied* 65 NY2d 981), noting that the parties to a criminal proceeding are entitled to a timely disposition of pretrial applications *(People v Smalls,* 111 AD2d 38, 39-40 [Rosenberger, J., concurring], *lv denied* 65 NY2d 987).

The contemporaneous determination of a pre-trial motion together with posttrial motions is contrary to both logic and statute (CPL 255.20 [3]) and, in this instance, contravenes public policy precluding dismissal of an indictment where the charges are supported by sufficient trial evidence (CPL 210.30 [6]; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, at 93 [1982 ed]). The defect in the proof before the Grand Jury—the failure to test the round recovered with the weapon to determine that it was operable (Penal Law § 265.02 [4]; *People v Daniels,* 77 AD2d 745)—was readily cured and affords a basis both for resubmission of the indictment upon leave of court (CPL 210.20 [4]) and for proceeding against defendant on the basis of a superseding indictment without the need to obtain court authorization (CPL 200.80; *People v Cade,* 74 NY2d 410). The latter opportunity, however, is lost upon commencement of trial (CPL 200.80) to the prejudice of the People.

The basis for vacating a verdict prior to sentencing is set forth in CPL 330.30 (1), which permits affirmative relief only under circumstances in which an appellate court may reverse or modify as a matter of law *(People v Carter,* 63 NY2d 530). Normally, the relevant inquiry is whether the trial evidence is legally sufficient to establish defendant's guilt *(People v Jones,* 188 AD2d 331).

The trial evidence in this case was legally sufficient to sustain the guilty verdict. It was not essential that Officer Halpin mark the weapon with his initials or record its serial number, although it might have been better practice to have done so. The officer properly vouchered the evidence, and it was duly received by Detective Barry in the same plastic bag without any sign that it had been disturbed. The officer recognized and identified the weapon at trial. Thus, there is reasonable assurance that the weapon tested and offered into evidence was the one possessed by defendant, and any inconsistency in the testimony regarding the description and condition of the weapon goes to the weight of the evidence, not its admissibility *(People v Sarmiento, supra; see also, People v Quinones,* 191 AD2d 398). Concur—Ellerin, J. P., Wallach, Asch and Rubin, JJ.