■ The People of the State of New York, Respondent, v Martin Naranjo, Appellant. [600 NYS2d 81] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 29, 1990, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially we note that, contrary to the defendant's contention, the court properly allowed a psychiatrist to offer expert testimony concerning child sexual abuse syndrome to explain why victims of sexual abuse or rape may delay in reporting the crime (see, *People v Taylor*, 75 NY2d 277; *People v Keindl*,

68 NY2d 410; *People v Singh,* 186 AD2d 285; *People v San-severo,* 185 AD2d 256; *People v Daniels,* 185 AD2d 894; *People v Guce,* 164 AD2d 946, 950; *People v Ivory,* 162 AD2d 551, 552). Insofar as the defendant is claiming on appeal that certain aspects of the expert's testimony constituted improper bolstering of the complainant's testimony or otherwise invaded the factfinding province of the jury, the claims are unpreserved for appellate review and we decline to address them *(see,* CPL 470.05 [2]; *People v Van Loan,* 179 AD2d 885).

In addition, the trial court did not err in excluding evidence purportedly of the complainant's prior sexual history *(see, People v Boyd,* 122 AD2d 273). After the People rested, the defendant sought to testify that the complainant's mother told him that she received a letter from an aunt in Ecuador informing her that the complainant had been sexually molested before coming to the United States. The defendant argued that such evidence was relevant because of the medical testimony that the complainant's hymen had been "ruptured", and the implication that he was the cause. Such evidence plainly would have constituted inadmissible hearsay *(see generally, People v Nieves,* 67 NY2d 125). Therefore, we need not consider whether such evidence would be admissible under CPL 60.42 (4) or (5). Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.