■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS PEZZIMENTI, Appellant. (Appeal No. 1.) [666 NYS2d 64] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court erred in denying the motion of defendant to dismiss those counts of the indictment charging him with theft of services in violation of subdivisions (6) and (7) of Penal Law § 165.15 on the ground that the prosecutor failed to instruct the Grand Jury that the presumptions set forth in each subdivision are rebuttable. That issue is preserved. Defendant testified and offered proof before the Grand Jury tending to rebut the presumptions. On these facts, the failure to instruct the Grand Jury that the presumptions are permissive and rebuttable impaired the integrity of the Grand Jury proceedings (*see,* CPL 210.35 [5]; *People v Williams*, 136 AD2d 132, 136-137; *People v Hester*, 133 AD2d 302, 303; *cf., People v Wilt*, 155 AD2d 895).

The court also erred at trial in instructing the jury that, with respect to the second count of the indictment, the People were not required to prove that defendant actually tampered with the gas meter during the period alleged in the indictment. The second count alleges that "defendant, between April, 1991 through December, 1994 * * * tampered with * * * or attempted to prevent the meter or device from performing its measuring function". To establish a violation of Penal Law § 165.15 (6), the People were required to prove that defendant

committed the alleged act within the period alleged in the indictment.

We reject the contentions that defendant was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147), that the evidence is legally insufficient and the verdict is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and that the sentence imposed for defendant's conviction of petit larceny is unduly harsh or severe.

Thus, we modify the judgment by reversing defendant's conviction of theft of services in violation of Penal Law § 165.15 (6) and (7), vacating the sentences imposed thereon and dismissing those counts of the indictment with leave to resubmit those charges to another Grand Jury. (Appeal from Judgment of Cattaraugus County Court, DiTullio, J.—Petit Larceny.) Present—Pine, J. P., Lawton, Wisner, Balio and Fallon, JJ.