■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v EDWARD COLON, Respondent-Appellant. [790 NYS2d 288]—

Peters, J. Appeals (1) from an order of the County Court of Albany County (Herrick, J.), entered November 22, 2002, which partially granted defendant's motion to dismiss the indictment, (2) from an order of the Supreme Court (Lamont, J.), entered December 13, 2002 in Albany County, which partially granted defendant's motion to dismiss the indictment, and (3) from a judgment of the Supreme Court (Lamont, J.), rendered December 13, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was charged with a series of crimes arising out of a May 2001 vehicle traffic stop in the City of Watervliet, Albany County. At the time of the stop, three passengers were in the vehicle with defendant; two were found to be in possession of illegal drugs and/or drug paraphernalia. After the vehicle was towed to State Police headquarters, a search revealed a 9 millimeter semiautomatic pistol and a magazine loaded with 9 millimeter ammunition. In October 2001, a grand jury indicted defendant for the crimes of criminal possession of a weapon in the third degree (two counts) and criminal possession of a weapon in the second degree.[1]

In November 2001, the People announced their readiness for trial. Thereafter, defendant moved to dismiss all counts of the indictment (see CPL 210.20 [1] [b], [c], [h]; 210.35 [2], [3]). By decision dated January 27, 2002, County Court (Herrick, J.) rejected defendant's request to examine the grand jury minutes for the purpose of determining whether the evidence before the grand jury constituted legally sufficient evidence to support each count. After its own review of the minutes, County Court determined that the indictment was based upon legally sufficient evidence.

---

1. This indictment superceded a prior indictment which had been dismissed for a failure to permit defendant to testify before the grand jury.

At trial, testimony revealed that the actual ammunition found in the vehicle was not test-fired until after the indictment was returned. At the close of proof, defendant renewed his motion to dismiss the indictment and further argued for a dismissal on speedy trial grounds (see CPL 30.30). He also asserted that the grand jury instructions were defective because there was no instruction that the statutory presumption with regard to possession of a weapon found in an automobile was a permissive presumption (see Penal Law § 265.15 [3]).

Supreme Court (Lamont, J.) transferred defendant's motion concerning County Court's January 2002 order to County Court and retained jurisdiction over the CPL 30.30 motion. With all motions pending, Supreme Court submitted the indictment to the jury and, on October 10, 2002, defendant was found guilty of two counts of criminal possession of a weapon in the third degree (counts two and three of the indictment). Six weeks later, County Court partially granted defendant's reargued motion to dismiss the second count of the indictment. It found that "[b]y failing to test-fire the ammunition found at the scene before presenting the case to the grand jury, the People failed to prove that the weapon was indeed a loaded firearm within the meaning of Penal Law section 265.00 (15)." This determination, rendered after the jury had returned its verdict, was issued prior to defendant's sentencing. It also found that in the absence of any requirement in the Third Department that the People address the permissive nature of the presumption set forth in Penal Law § 265.15 (3) when a defendant fails to offer mitigating evidence before the grand jury, the instructions given were sufficient.

At sentencing, Supreme Court set aside the second count of the indictment based upon County Court's order. Acknowledging that such order rendered defendant's CPL 30.30 motion to dismiss that count moot, it nonetheless determined that the failure to test-fire the ammunition found in the vehicle until after the indictment was issued belied any claim by the People that they were ready for trial within the meaning of CPL 30.30. Defendant was sentenced, as a second felony offender, to a term of imprisonment of 3½ to 7 years. The People appeal both County Court's and Supreme Court's orders dismissing count two of the indictment while defendant appeals the conviction.

The procedural posture of this case reinforces the need for motions to be determined on a timely basis. As noted by the First Department, "[t]he contemporaneous determination of a pre-trial motion together with posttrial motions is contrary to both logic and statute (CPL 255.20 [3]) and, in this instance,

contravenes public policy precluding dismissal of an indictment where the charges are supported by sufficient trial evidence" (*People v Grant*, 194 AD2d 348, 351 [1993], *lv denied* 82 NY2d 754 [1993]). Although the defects in the proof before the grand jury were readily cured in this proceeding by the trial evidence, we decline to follow *People v Grant* (*supra*).

A "loaded firearm" is defined as "any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00 [15]). By test-firing defendant's weapon two days after defendant's arrest with ammunition belonging to the State Police and not with that found with the weapon, the People failed to present sufficient evidence to the grand jury to charge defendant with possession of a loaded firearm; a necessary element of that crime is that the ammunition be live (*see People v Shaffer*, 66 NY2d 663, 664 [1985]; *People v Daniels*, 77 AD2d 745, 746 [1980]; *People v Thomas*, 70 AD2d 570, 571 [1979]; *see also People v Little*, 88 AD2d 671, 672 [1982]).[2]

However, we find no error by County Court in denying that portion of defendant's reargument motion which contended that there is a permissive presumption with regard to a weapon found in a vehicle. Instructions to a grand jury need not be provided with the same precision that is required for a petit jury. The grand jury must be provided with enough information so that it can intelligently decide whether a crime has been committed and whether legally sufficient evidence exists to establish the material elements of the crime charged (*see People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]; *People v Wallace*, 8 AD3d 753, 754 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Williams*, 136 AD2d 132, 136 [1988]). Where, as here, defendant chooses not to testify before the grand jury or offer any evidence tending to rebut the presumption of possession, an instruction concerning the permissive nature of the presumption is not required (*see People v Wilt*, 155 AD2d 895 [1989]; *cf. People v Pezzimenti*, 245 AD2d 1030, 1030 [1997]; *People v Williams, supra* at 136); no error impaired the integrity of the proceeding or caused prejudice to defendant.

In light of our determination, we need not address Supreme

**2.** Defendant's motion to dismiss the indictment for alleged insufficiency of evidence before the grand jury had been timely made. After County Court inspected the grand jury minutes and found the evidence legally sufficient, a renewal of the motion during trial was appropriate. As County Court granted defendant's motion, our review of such order is not precluded (*see* CPL 210.30 [6]).

Court's dismissal of the second count of the indictment on speedy trial grounds.

We have reviewed and rejected defendant's remaining contentions.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order entered November 22, 2002 is affirmed, with leave to re-present. Ordered that the order entered December 13, 2002 is affirmed. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).

