■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WAYNE SMITH, Appellant. [804 NYS2d 774]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered March 13, 2002, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence as a second felony offender.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing in accordance herewith.

The defense counsel presented a "coherent, cogent defense" (*People v Taylor,* 1 NY3d 174, 176 [2003]; *see People v Baldi,* 54 NY2d 137, 146 [1981]; *People v Marcotte,* 237 AD2d 379 [1997]). Viewing defense counsel's conduct in its entirety, the defendant was afforded effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi, supra; People v Finch,* 199 AD2d 278 [1993]; *People v Daniels,* 185 AD2d 894 [1992]).

The trial court providently exercised its discretion in denying the defendant's motion for a mistrial. The decision whether to grant or deny a motion for a mistrial lies within the sound discretion of the trial court (*see People v Ortiz,* 54 NY2d 288, 292 [1981]; *People v Straker,* 301 AD2d 667 [2003]; *People v Caban,* 224 AD2d 705 [1996]). Any prejudice caused by the complainant's brief allusion to the defendant's custodial status was alleviated by the trial court's prompt curative instruction to the jury (*see People v Santiago,* 52 NY2d 865, 866 [1981]; *People v Sokolov,* 233 AD2d 345, 345-346 [1996]; *People v Lockhart,* 220 AD2d 690, 691 [1995]; *People v Moore,* 148 AD2d 754, 755 [1989]).

However, we agree with the defendant that he was improperly adjudicated a second felony offender, because the predicate

conviction was obtained in violation of his constitutional rights. The defendant's 1979 predicate conviction was for criminal possession of a weapon in the second degree, based on his possession of a loaded sawed-off shotgun. The court instructed the jury that "[t]he possession by any person of any . . . weapon . . . designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another." In so charging the jury on the presumption of intent, the court read straight from Penal Law § 265.15 (4), adding only that "you can consider that presumption." We find, as a matter of law, that this was insufficient to convey to the jury that it had a choice as to whether to apply the statutory presumption (*see People v Williams,* 136 AD2d 132, 135 [1988]; *cf. People v Hodja,* 216 AD2d 415 [1995]; *People v O'Brien,* 212 AD2d 741 [1995]).

The court's failure to instruct the jury that the presumption of intent was permissive, or to emphasize that, despite the presumption, the same burden of proof remained with the People, "was bound to result in misleading the . . . jurors" (*People v Williams, supra* at 135-136) "into believing that the presumption is conclusive and binding upon them" (*People v Williams, supra* at 135-136; *see Sandstrom v Montana,* 442 US 510 [1979]; *People v McKenzie,* 67 NY2d 695, 697 [1986]). Such a result "conflicts with the defendant's overriding presumption of innocence as to every element of the crime, and invades the jury's fact-finding function" (*People v Williams,* 95 AD2d 866 [1983]; *see Sandstrom v Montana, supra; People v Williams, supra* at 136). Therefore, the 1979 conviction was obtained in violation of the defendant's constitutional rights and should not have been used as a predicate felony conviction to enhance the sentence in the instant case (*see* CPL 400.21 [7] [b]). The defendant should have been adjudicated a first felony offender and must be resentenced accordingly (*see People v Dozier,* 163 AD2d 220 [1990], *affd* 78 NY2d 242 [1991]; *People v Foley,* 96 AD2d 866, 867 [1983]).

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.