■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WAYNE SMITH, Appellant. [863 NYS2d 612]—Appeal by the defendant from a resentence of the County Court, Suffolk County (Weber, J.), imposed January 13, 2006, upon remittitur from this Court (*see People v Smith,* 23 AD3d 415 [2005]).

Ordered that the resentence is affirmed.

The defendant was convicted of assault in the second degree and sentenced, as a second felony offender, to a term of seven years' imprisonment and five years' postrelease supervision. Upon the direct appeal from the judgment, this Court agreed with the defendant that he was improperly adjudicated a second felony offender, as the predicate conviction had been obtained in violation of his constitutional rights, and the matter was remitted to the County Court for resentencing (*see People v Smith,* 23 AD3d 415, 415-416 [2005]).

Upon remittitur, the defendant was resentenced to a term of six years' imprisonment and three years' postrelease supervision. On appeal from the resentence, the defendant contends that Penal Law § 70.45, the statute mandating that "[e]ach determinate sentence also includes, as a part thereof, an additional period of post-release supervision" (Penal Law § 70.45 [former (1)]), is unconstitutional. This contention is without merit (*see United States v Booker,* 543 US 220 [2005]; *Blakely v Washington,* 542 US 296 [2004]; *Apprendi v New Jersey,* 530 US 466 [2000]; *People v Sparber,* 10 NY3d 457 [2008]; *People v Rivera,* 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]). We note that the Attorney General of the State of New York was notified pursuant to Executive Law § 71 that the defendant was challenging the constitutionality of Penal Law § 70.45, but determined not to intervene. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.