■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD JEFFERSON, Appellant. [892 NYS2d 886]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered June 5, 2007, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that Penal Law § 70.45, which, inter alia, requires a sentencing court to impose a period of postrelease supervision as part of a determinate sentence, is unconstitutional (*see Apprendi v New Jersey*, 530 US 466 [2000]; *People v Quinones*, 12 NY3d 116, 122-123 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Thompson*, 83 NY2d 477, 482 [1994]; *People v Smith*, 54 AD3d 974 [2008]; *White v Keane*, 969 F2d 1381, 1383 [1992]). We note that the Attorney General of the State of New York was notified, pursuant to Executive Law § 71, that the defendant was challenging the constitutionality of Penal Law § 70.45, but decided not to intervene.

The defendant's remaining contention regarding postrelease supervision is without merit. Dillon, J.P., Covello, Miller and Chambers, JJ., concur.