People v Smith (2018 NY Slip Op 03277)





People v Smith


2018 NY Slip Op 03277


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


532 KA 16-00921

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TARELL SMITH, ALSO KNOWN AS SHELLITO DONMORE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered March 9, 2016. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress the weapon that was secured by the police from the street where defendant threw it following the stop of the vehicle in which he was a passenger at a traffic safety checkpoint. We conclude that, although the court properly determined that the stop was unlawful, it further properly determined that suppression of the weapon was not warranted inasmuch as defendant's act of pulling a weapon from his waistband and pointing it at another individual " was an independent act, not the direct result of, and therefore not tainted by, the illegal [stop]' " (People v Fussello, 265 AD2d 838, 838 [4th Dept 1999], lv denied 94 NY2d 823 [1999]; see People v Mercado, 229 AD2d 550, 551 [2d Dept 1996], lv denied 88 NY2d 1070 [1996]).
Contrary to the assertion of the People on appeal, we conclude that defendant preserved for our review his contentions with respect to the legal insufficiency of the evidence by making an appropriate motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]). We nevertheless reject defendant's contentions on the merits. The fact that no prosecution witness testified that the weapon thrown from the vehicle was the same weapon secured by the police does not render the evidence legally insufficient. "The only reasonable inference that could be drawn from the chain of evidence in this . . . incident was that the loaded, operable pistol recovered by the police immediately after the crime was the same weapon that was used by [defendant]" (People v Torres, 32 AD3d 796, 796 [1st Dept 2006], lv denied 8 NY3d 850 [2007]). Similarly, we conclude that minor variations in how prosecution witnesses described the weapon and a clerical error in the date on a laboratory form do not render the evidence legally insufficient (see People v Grant, 194 AD2d 348, 351 [1st Dept 1993], lv denied 82 NY2d 754 [1993]; see also People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court